UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DENIS NESTEROV, *individually and on behalf of all others similarly situated*,

                              Plaintiff,

      *v.*

KVADRO S. CORP. and SERGEY LISENKO,

                             Defendants.
----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
18-CV-7200-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Denis Nesterov ("Nesterov") commenced this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action on December 18, 2018, against Defendants Kvadro S Corp. ("Kvadro") and Sergey Lisenko ("Lisenko," and collectively, "Defendants"). (Compl. dated Oct. 15, 2018, Dkt. No. 1). On March 11, 2019, the Clerk of Court entered a Default pursuant to Federal Rule of Civil Procedure 55(a) as to Lisenko. (Certificate of Default dated Mar. 11, 2019, Dkt. No. 12). The Clerk denied Nesterov's request for a certificate of default with respect to Kvadro, finding "proper service was not effected as the affidavit of service states that a John Doe was served on behalf of the corporation." (Dkt. Entry dated Mar. 11, 2019). Nesterov re-served Kvadro, (Summons Returned Executed dated Apr. 23, 2019, Dkt. No. 13), and, upon his request, the Clerk entered a Default with respect to Kvadro, (Certificate of Default dated July 2, 2019, Dkt. No. 16).

      Nesterov then moved for a default judgment against Defendants on November 25, 2019. (Mot. for Default J. dated Nov. 25, 2019, Dkt. No. 18). On July 14, 2020, the Court issued an order to show cause with respect to the motion:

> Nesterov is ordered to show cause why his motion for default judgment should not be denied for failure to establish FLSA coverage and failure to serve his motion consistent with Local Rule 55.2. He may also re-serve his motion on Defendants consistent with Local Rule 55.2, but then he must still show why the motion should not be denied on the enterprise coverage issue. . . . In the alternative, he may withdraw his motion and file an Amended Complaint . . . with appropriate allegations of FLSA coverage. If he files an Amended Complaint, he must file proof of service of process and pursue certificates of default only if Defendants fail to appear or answer again. Then, any new motion for default judgment must also comply with Local Rule 55.2.

(Order to Show Cause dated July 14, 2020, Dkt. No. 20, at 9). Nesterov opted to file an Amended Complaint against the same Defendants. (Am. Compl. dated July 28, 2020 ("Am. Compl."), Dkt. No. 21).[1] Nesterov again requested renewed certificates of default for both Defendants on September 30, 2020. (Request for Certificate of Default dated Sept. 30, 2020, Dkt. No. 24). The Court denied this request, (Order dated Oct. 5, 2020), reasoning that Nesterov had failed to show that either Defendant was properly served:

> [D]espite the fact that there are multiple defendants, a single copy of the Amended Complaint was mailed to a single address. Service must be accomplished upon each and every defendant separately, and in most cases, mail service is insufficient to constitute proper personal service upon either a corporation or an individual defendant.

(Order dated Oct. 7, 2020). The Court directed Nesterov to reattempt service by January 5, 2021 and warned that failure to do so would result in dismissal of the case. (*Id.*). On February 22, 2021, the Court, having received no proof of reattempted service from Nesterov, directed him to file proof of compliance with the Court's prior order or, if service had not been made, to show cause why the case should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). (Order dated Feb. 22, 2021).

---

[1] The Court denied Nesterov's motion for default judgment as moot on July 28, 2020. (Order dated July 28, 2020).

2

On March 1, 2021, Nesterov filed proof of service for both Kvadro and Lisenko. Service was attempted in an identical manner, at the same address, for each Defendant. (Executed Summons dated Jan. 4, 2021 ("Lisenko Summons"), Dkt. No. 25; Executed Summons dated Jan. 4, 2021 ("Kvadro Summons"), Dkt. No. 26). Specifically, the server attempted service at a Brooklyn apartment on December 21, 22, and 24, 2020, at 9:07 AM, 1:14 PM, and 6:17 PM, respectively, but was unsuccessful each time. (*See* Lisenko Summons; Kvadro Summons). The server then left copies of the summonses and Amended Complaint "under the door" and mailed copies of the documents to the same address via USPS regular mail. (*See* Lisenko Summons; Kvadro Summons).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.* "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.* "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Id.* "Good cause is measured against '(1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay.'" *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, at *3 (E.D.N.Y. Oct. 19, 1999) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990)), *aff'd*, 242 F.3d 367 (2d Cir. 2000). Courts have declined to find good

3

cause where defendants had been improperly served, and plaintiffs have not attempted to show good cause to correct improper service. *See, e.g.*, *Bogle-Assegai v. State of Connecticut*, 470 F.3d 498, 508–09 (2d Cir. 2006) ("Bogle-Assegai, who was neither a *pro se* litigant nor incarcerated, made no showing whatever as to any effort on her part to effect personal service on Appleton and Newton. And given that she also made no effort to show good cause for her failure and never requested an extension of time during the 600-odd days when the case was pending . . . we see no error or abuse of discretion in the district court's decision to dismiss.").

Nesterov has again failed to properly serve the Defendants. It appears Nesterov attempted to serve both Kvadro and Lisenko via affix-and-mail service, often referred to as "nail-and-mail" service, a substitute for personal service. Under New York law, "where service . . . cannot be made with due diligence," a natural person may be served "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence or . . . actual place of business." N.Y. C.P.L.R. 308(4). Courts have found that attempting service on three different days at different times of day—which was done here—is sufficient to resort to affix-and-mail service. *See, e.g.*, *Hanover New Eng. v. MacDougall*, 202 A.D.2d 724, 725 (3d Dep't 1994) (finding server exercised due diligence when server tried to serve three times at different times of day and spoke to a neighbor to try to ascertain defendant's place of employment, and noting that the server attempted service outside of business hours and defendant's place of employment was not readily apparent); *Hochhauser v. Bungeroth*, 179 A.D.2d 431, 431 (1st Dep't 1992) ("The three attempts to serve defendant at his home made during various hours of the day were

4

sufficient to establish 'due diligence' so as to permit the use of substituted service."). But leaving copies of the summons and complaint under a defendant's door does not meet the statutory requirement to "affix" the papers to the door. *Glendora v. Gallicano*, 206 A.D.2d 454, 455 (2d Dep't 1994) ("[l]eaving the summons and complaint in the vestibule of a building or slipping them through a mail slot or under a door is insufficient" for CPLR 308(4))); David D. Siegel et al., *New York Practice* § 74 (6th ed. 2020) ("'[A]ffixing' . . . must be done in such a way as to avoid damage. A railroad spike is too much. A tack should do nicely. So should a reasonably secure taping. Wrapping the summons around the doorknob with a rubber band has also been sustained. A method should be used that ensures 'a genuine adherence'; wedging the summons between door and door jamb has been held insufficient."). Although Nesterov was permitted to resort to affix-and-mail service to serve Lisenko, the service was deficient and ineffective: the server did not affix the summons and Amended Complaint to his apartment door.

Service upon Kvadro was also improper. As an initial matter, "affix-and-mail" service, embodied in CPLR 308, is a means of serving individuals, not a corporation. *See* C.P.L.R. 308(4); *cf. Astrologo v. Serra*, 240 A.D.2d 606, 607 (2d Dep't 1997) ("Furthermore, the court was without authority to direct service upon the corporate defendants pursuant to CPLR 308(5), since that provision governs service of process upon natural persons, and is inapplicable to corporations, which must be served in accordance with CPLR 311."). CPLR 311 governs service on corporations and does not permit "affix-and-mail," even when the service on the corporation is being effectuated through one of its officers. *Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 104 A.D.2d 551, 551–52 (2d Dep't 1984), *aff'd*, 65 N.Y.2d 865 (1985). As Siegel explains,

5

> In each instance of service under CPLR 311(a), service should be made by CPLR 308(1) personal delivery to one of the persons listed. CPLR 311(a) specifically directs the 'delivering' of the summons, and thus seems to make CPLR 311 preemptive of method of service, requiring personal delivery only and precluding use of the various substituted service methods offered by CPLR 308 when an individual is the defendant. Caselaw indicates that those methods are not available against corporations, however; that CPLR 308 is for individuals and CPLR 311 is for corporations, and that the two don't mix.

Siegel et al., *supra*, § 70. In other words, when Nesterov sought to serve Kvadro, he could not resort to affix-and-mail service, even though he was attempting to serve the corporation through its named principal, Lisenko.

Since Nesterov filed the Amended Complaint in July 2020, he has been unable properly to serve either of the Defendants. At no time has Nesterov sought an extension of time to properly effect service—each of the extensions of time has been granted *sua sponte* by the Court—or provided any justification for his resort to substitute service in lieu of personal service. Rule 4(m) requires that service upon defendants be completed within 90 days of filing of the Complaint. At this point, seven months have passed without service being effectuated properly. The Court has already twice denied Nesterov's request for a certificate of default and denied a motion for default judgment; this is now the third time that either the Clerk or this Court has found that the attempted service violated the CPLR. This most recent attempt at service came about after the Court granted Nesterov until January 5, 2021 to complete service; yet, despite the past history, the Court had to remind Nesterov almost two months after the deadline had passed to file executed summonses on the docket. Although "district courts have discretion to grant extensions even in the absence of good cause," *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007), the madness must end at some point, and that time is now.

6

The appropriate remedy is to dismiss this action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3 (quoting *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988)); *see, e.g., Fried v. N.Y. State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1, *5 (E.D.N.Y. Sept. 24, 2008) (adopting report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32, 35 (W.D.N.Y. 1996) (no good cause where counsel attempted service, not by following the Federal Rules of Civil Procedure, but rather "his own informal procedure"). The Court, thus, respectfully recommends that the Amended Complaint be dismissed without prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within fourteen (14) days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

/s/ *Sanket J. Bulsara* March 11, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

8